## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:17-MJ-3140 |
| | ) | |
| Plaintiff, | ) | (Magistrate Judge Thomas M. Parker) |
| | ) | |
| v. | ) | |
| | ) | |
| GRACE A. BOSWORTH, AKA "STEINKE," | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GRACE A. BOSWORTH AKA "STEINKE" SUGGESTION OF DEATH AND MOTION TO ABATE PROSECUTION AND DISMISS CRIMINAL COMPLAINT**

Comes now H. Louis Sirkin, counsel of record for Defendant Grace A. Bosworth, aka "Steinke", and hereby respectfully notifies the Court and all interested parties that Defendant Grace A. Bosworth aka "Steinke" died of an apparent suicide on or about December 5th, 2017. The instant suggestion of death is documented and supported by the attached Exhibit "A", a copy of a news report published in the Cincinnati Business Courier dated December 12, 2017.

Furthermore, as a result of Defendant Bosworth's death, it is respectfully submitted that this Court should abate the pending prosecution and dismiss the complaint against Ms. Bosworth in the instant case. A Memorandum in Support is attached.

Respectfully submitted,

*s/ H. Louis Sirkin*
H. Louis Sirkin (Ohio Bar No. 0024573)
SANTEN & HUGHES, LPA
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Tel: (513) 721-4450/Fax: (513) 852-5994
hls@santen-hughes.com
*Attorney for Defendant Grace Bosworth aka Steinke*

## MEMORANDUM IN SUPPORT OF DEFENDANT GRACE A. BOSWORTH, AKA "STEINKE" MOTION TO ABATE PROSECUTION AND DISMISS CRIMINAL COMPLAINT

On June 8th, 2017, a criminal complaint was filed in the United States District Court for the Northern District of Ohio charging Defendant Bosworth with smuggling, illegal importation of a controlled substance and conspiracy. To date no indictment has been returned nor have any of the charges gone to trial.

As noted in the accompanying Suggestion of Death, Ms. Bosworth died on or about December 5th, 2017.

Because Ms. Bosworth had not been convicted of any of the instant charges prior to her death, it is respectfully submitted that the case against her should be abated and that the charges should be dismissed. *See, e.g., United States v. Wilcox,* 783 F.2d 44, 44 (6th Cir. 1986) ("Where a defendant in a criminal case dies while the case is pending on direct appeal, the case abates and the action must be remanded to the district court to dismiss the indictment"); *United States v. Toney,* 527 F.2d 716, 720 (6th Cir. 1975) ("'[D]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception.'… Accordingly, we vacate the judgment of conviction against [the deceased] and remand the cause to the District Judge with instructions to dismiss the indictment against him.") (citations omitted); *United States v. Perry,* 100 Fed.Appx. 540 (6th Cir. 2004) (unpublished) ("When a criminal defendant dies while his direct appeal is pending, the case abates and the action must be remanded to the district court for dismissal of the indictment."); *United States v. Spry,* 67 F.3d 300, 1995 WL 570920 (6th Cir. 1995) (unpublished) ("Death pending direct

appellate review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception.").[1]

Although counsel was unable to find any case specifically stating that the death of a charged defendant *prior to conviction* mandates abatement of the case and dismissal of the complaint, surely the holding (and rationale) of the above-cited cases that death prior to the exhaustion of all appeals-as-of-right voids the conviction *ab initio* would undoubtedly require the same result in the instant case, wherein Defendant has not even been convicted and thus still enjoys the presumption of innocence. In other words, it would defy logic and common sense to hold that an indictment should be dismissed based on the defendant's death pending appeal following a lawful conviction, but that this same protection would not apply to one who has not yet even been convicted of the crime alleged. Indeed, it is respectfully submitted that the dearth of authority on this subject is likely due to the fact that, despite its infrequent necessity, the result requested by Ms. Bosworth is simply noncontroversial and routinely applied when the occasion arises.

Therefore, and for the foregoing reasons, it is respectfully submitted that, as a result of Defendant Bosworth's death, this Court should abate the pending prosecution and dismiss the charges against her in the instant case.

---

[1] It must be noted that one case cited in many of these Sixth Circuit cases for the proposition that the death of the defendant prior to exhausting appeals as of right abates the case, the Supreme Court case of *Durham v. United States,* 401 U.S. 481 (1971), was partially overruled five years later in *Dove v. United States,* 43 U.S. 325 (1976); but only to the extent that *Dove* held that death would not abate a conviction during the period while a motion for a writ of certiorari was pending. Therefore, the holding that death before appeals-as-of-right are exhausted abates the case and requires dismissal of the indictment still holds. Indeed, almost all of the Sixth Circuit cases citing *Durham*, as discussed above, were decided well after *Dove* came out.

Respectfully submitted,

*s/ H. Louis Sirkin*
H. Louis Sirkin (Ohio Bar No. 0024573)
SANTEN & HUGHES, LPA
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Tel: (513) 721-4450/Fax: (513) 852-5994
hls@santen-hughes.com
*Attorney for Defendant Grace Bosworth aka Steinke*

### CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the CM/ECF system to all counsel of record this 8th day of January, 2018.

*s/ H. Louis Sirkin*
H. Louis Sirkin (Ohio Bar No. 0024573)

639914_1

4